## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROBERTA PUGHE and CP CONSULTING GROUP, INC., | : |
| Plaintiffs, | : Docket No. <br> : Civil Action <br> : |
| v. | : <br> : |
| RHONDA BENDER, NEIL JACOBSON, and PROJECT GESTALT, | : **VERIFIED CIVIL ACTION** <br> : **COMPLAINT** <br> : |
| Defendants. | : |

## VERIFIED CIVIL ACTION COMPLAINT

Plaintiffs, Roberta Pughe, ED.S., M.A., L.M.F.T. ("Mrs. Pughe" or "Plaintiff") and CP Consulting Group, Inc. ("CPC" or "Plaintiff") by and through their counsel, John M. Hanamirian of Hanamirian Law Firm, P.C., by way of Verified Civil Action Complaint against Defendants Rhonda Bender, L.C.S.W ("Ms. Bender" or "Defendant"), Neil Jacobson ("Mr. Jacobson" or "Defendant"), and Project Gestalt, Inc. ("Project Gestalt" or "Defendant") hereby say, state, and aver as follows:

### PARTIES

1.      Plaintiff, Roberta Pughe, ED.S., M.A., L.M.F.T., is an adult individual and a Licensed Marriage and Family Therapist and Clinical Director at The Center for Relationship, LLC with a professional business address located at 194 North Harrison Street, Princeton, New Jersey 08540.  Mrs. Pughe is also a resident and citizen of the State of New Jersey, with a current home address at 40 Deer Path, Princeton, New Jersey 08540.

2.      Plaintiff, CP Consulting Group, Inc. is a corporation organized and incorporated pursuant to the laws in the State of Delaware and the State of New Jersey with its registered office at 503 Berkshire Drive, Princeton, New Jersey 08540.

3.      Defendant, Rhonda Bender, L.C.S.W, is an adult individual and a licensed Clinical Social Worker at Putnam Hospital with a professional address located at 660 Stoneleigh Avenue, Carmel, New York 10512.  Ms. Bender is also a resident of the State of New York, with a home address at 196 Gordon Road, Carmel, New York 10512.  Ms. Bender previously resided at 208 South 1st Avenue, Highland Park, New Jersey 08904.

4.      Defendant, Neil Jacobson, is an adult individual and experienced in Information Technology Services and is currently listed as the Founder at Project Gestalt, Inc. with a professional address located at 7014 13th Avenue, Suite 202, Brooklyn, New York 11228.  Mr. Jacobson is also a resident of the State of New York, with a home address at 460 Bellwood Avenue, Sleepy Hollow, New York 10591.

5.      Defendant, Project Gestalt, Inc., is a corporation organized and incorporated pursuant to the laws of the State of New York with its registered office address at 404 13th Avenue, Suite 202, Brooklyn, New York 11228.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this claim under 28 U.S.C.§(a)(1), diversity jurisdiction, as Plaintiff is a citizen of New Jersey and the Defendant is a citizen of New York.

7.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

8.      Venue in this Court is appropriate as the acts of which the Plaintiff complains occurred in this District.

## FACTS

9.      On September 29, 1999, CP Consulting Group, Inc. was incorporated in the State of Delaware.  *Exhibit A.*   Subsequently, on February 18, 2000, CPC filed a Certificate of Incorporation in the State of New Jersey.  *Exhibit B.*

10.      CPC's principal place of business is located at 503 Berkshire Drive, Princeton, New Jersey 08540.

11.      CPC is engaged in the business of providing behavioral consulting services for companies in transition, specifically focusing on the utilization of the Gestalt Theory.

12.      There were four (4) members engaged in business at CPC, including (a) Roberta Pughe, President of CPC, (b) Rhonda Bender, Secretary and Treasurer of CPC, (c) Ruth Kruge, Stress Management Specialist at CPC and (d) Donna Booth, Silent Partner at CPC.

13.      Mrs. Pughe was the co-founder and key developer of CPC's primary project management tool, The Project Gestalt.  Mrs. Pughe was the only shareholder of CPC with any Gestalt Theory experience.  In fact, from 1992 to 1999, Mrs. Pughe worked as a Faculty Trainer at the Gestalt Center of New Jersey in Flemington, New Jersey.  Ms. Booth served as a co-creator of The Project Gestalt, as she was educated in Information Technology.

14.      Based upon her extensive, exclusive involvement and experience with The Project Gestalt, Mrs. Pughe was the only member of CPC to travel to locations outside of New Jersey to conduct presentations of the project management tool.

15.      In 2000, CPC retained its first client, PeopleSoft.  Ms. Booth was, and currently remains, "Solutions Delivery Director" of PeopleSoft. On business trade information and belief,

3

The Oracle Corporation in or about 2005 assumed all of the assets and liabilities of PeopleSoft, and Oracle Corporation is now liable for all of the debts, liabilities, fraud, and defalcations of PeopleSoft.

16.     On January 26, 2000 and June 21, 2000, CPC received its first two checks, in the amounts of $39,500.00 and $32,401.80, respectively, from PeopleSoft. *Exhibit C.* Both checks were sent to the principal registered address for CPC, which is also the same address as Mrs. Pughe's residence.

17.     Within a five (5) month period, based upon the checks received from PeopleSoft, CPC recorded revenue in the amount of $71,901.80, which was directly related to the deployment of The Project Gestalt.

18.     In 2001, the Members of CPC met with an attorney, Henry Schanzer whose offices are located in Edison, New Jersey, for the purpose of establishing a trademark for The Project Gestalt.  In 2003, the trademark of "The Project Gestalt" was officially registered. *Exhibit D.*

19.     Mr. Schanzer also drafted a Shareholders' Agreement, whereby Mrs. Pughe, Ms. Bender and Ms. Kruge were each designated as the owners of one-third of CPC. *Exhibit E.*

20.     In 2003, Ms. Kruge's interest in CPC was bought out for exactly or approximately Twenty Thousand Dollars ($20,000.00).  Ms. Kruge's departure left Mrs. Pughe and Ms. Bender as the sole shareholders of the corporation.

21.     In 2001, CPC established a professional relationship with Business Transitions, Inc. ("BTI") through the personal relationship of Plaintiff Pughe and Mr. Jayant Kalawar.  A presentation regarding the collaborative relationship advancing "The Project Gestalt" to PeopleSoft, was made at the request of Donna Booth with "The Project Gestalt" listed on the

relevant promotional materials as a protected trademark of CPC. *Exhibit F.* Additionally, the primary contact address for CPC was listed as Mrs. Pughe's home address.

22.     In or about 2004, Ms. Bender and Ms. Booth moved from their Highland Park, New Jersey residence to relocate in Carmel, New York. They are domestic partners. Mrs. Pughe, her husband and their two sons were invited to visit Ms. Bender and Ms. Booth at their new home. During their visit, Ms. Bender and Ms. Booth informed Mrs. Pughe, as well as her family, that they would no longer be pursuing their involvement with CPC. Their decision to leave CPC was confirmed on a separate occasion as well, specifically when Mrs. Pughe was vacationing with Ms. Bender, Ms. Booth and Ms. Booth's extended family in the Poconos. Ms. Bender explained that she was planning on pursuing other career options. Specifically, she was in the process of interviewing for a Social Worker position with Putnam Hospital, located in Carmel, New York.

23.     Mrs. Pughe accepted the representations made by Ms. Bender and Ms. Booth regarding CPC and The Project Gestalt and focused on her own professional matters. She concentrated on her private practice as a therapist, the publication of her first book, a new restaurant opportunity that was set to open in Princeton, New Jersey in 2005 and her children. Ms. Bender and Ms. Booth and Mrs. Pughe thereafter fell out of contact. There was minimal discussion regarding CPC and The Project Gestalt following Ms. Bender and Ms. Booth's decision to leave CPC.

24.     On June 24, 2009, Ms. Bender attempted to dissolve CPC by completing the New Jersey Form C-159D, "Certificate of Dissolution, Without a Meeting of Shareholders." On the Certificate of Dissolution, Ms. Bender listed herself as occupying all of the directorial positions. There was no mention of Mrs. Pughe or her role as President of CPC included on the Certificate.

On July 9, 2009, a Certificate of Dissolution was filed in New Jersey without any notice being provided to Mrs. Pughe, who then remained as a shareholder of the corporation. *Exhibit G.* Additionally, thereafter in the same year, Ms. Bender transferred the ownership of the trademark registration to herself.

25.     Mrs. Pughe has maintained a professional website that has been active for several years. Similar to other professionals' websites, a curriculum vitae is provided, which lists all of Mrs. Pughe's professional work ventures. Her involvement with CPC and The Project Gestalt are included.

26.     In 2009, Mrs. Pughe received correspondence from Ms. Booth demanding that she remove any reference to The Project Gestalt from her professional website.  Mrs. Pughe temporarily removed any information relating to CPC and The Project Gestalt from her website.

27.     In 2009, Neil Jacobson, an acquaintance of Ms. Bender and Ms. Booth, listed himself as the Founder and President of Project Gestalt, Inc. on his professional website, projectgestalt.com.  It appears that the project management tool of CPC, The Project Gestalt, was leased to Mr. Jacobson under a slightly altered name.

28.     On May 7, 2010, Mr. Jacobson filed a Certificate of Incorporation for Project Gestalt, Inc. *Exhibit H.*

29.     Mr. Jacobson currently holds himself out as the Founder and President of Project Gestalt, Inc.  In addition, Mr. Jacobson's Linked-In profile reflects his professional connection with PeopleSoft, Ms. Booth's place of employment, for the period of May 2014 to June 2014. Further, Mr. Jacobson maintains a professional relationship with Putnam Hospital, which is Ms. Bender's current place of employment.

30.     In 2012, Ms. Bender renewed the trademark for a ten (10) year period.  She did not provide any communication regarding the renewal of the trademark to Mrs. Pughe.  *Exhibit I.*

31.     In 2015, Mrs. Pughe reinstated the reference to CPC and The Project Gestalt on her professional website.  On June 29, 2015, Mrs. Pughe received further correspondence from Ms. Booth regarding the content of her website.

32.     Ms. Booth thereafter demanded that any mention of The Project Gestalt be removed from the website.  Specifically, Ms. Booth sent Mrs. Pughe an email, a copy of which is attached as *Exhibit J*, reading: "Roberta – Take the Project Gestalt off [your] website. Don't put it up again. This is the second time I had to ask. It's not yours."

33.     On July 3, 2015, a corporate status report regarding CPC was issued to Mrs. Pughe.  The report confirmed Ms. Bender's activity throughout the years in issue with regard to CPC.  *Exhibit K.*

34.     On August 2, 2015, Mrs. Pughe issued a Pre-litigation Settlement Demand letter to Ms. Bender seeking the amount of $260,000.00 relative to the misuse of The Project Gestalt. The demand letter asserts that (1) despite the statements made at Ms. Bender and Ms. Booth's home in Carmel, New York in 2004, Ms. Bender continued to utilize and profit from The Project Gestalt; and (2) that the Project Gestalt was being used to provide a benefit to Ms. Bender and Ms. Booth without Mrs. Pughe's knowledge.  Mrs. Pughe alleged that Ms. Bender engaged in fraudulent business practices in an effort to deprive her of her lawful rights to the benefits and profits associated with the use of any of the proprietary aspects of The Project Gestalt.  *Exhibit L.*

35.     On August 11, 2015, Mr. Schanzer, on behalf of his client, Ms. Bender, sent Mrs. Pughe a letter in response to the Pre-litigation Settlement Demand letter.  Previously, Mr.

Schanzer served as the attorney for CPC in regard to the registration of its trademark and the drafting of the Shareholder Agreement.

36.     Despite what appears as a conflict of interest, Mr. Schanzer asserted that Ms. Bender has not made use of The Project Gestalt or CPC for more than seven (7) years and has not received any income or benefit from The Project Gestalt for at least ten (10) years.

37.     Ms. Bender explained that it was her understanding that Mrs. Pughe terminated her interest in CPC due to various economic and personal pressures.  Additionally, she stated that CPC was never officially dissolved.  *Exhibit M.*

<u>COUNT I</u>

<u>FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125</u>

38.     Plaintiff hereby incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

39.     Defendants' actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

40.      Plaintiff developed and is a rightful owner of "The Project Gestalt" trademark.

41.     Plaintiff used "The Project Gestalt" trademark in commerce in her position as shareholder of CPC.  The Project Gestalt acted as a project management tool to provide behavioral consulting services to companies in transition.  An example of the use of The Project Gestalt can be seen through the consulting services CPC provided to PeopleSoft.

42.     In connection with Ms. Bender's transfer of the ownership of trademark registration and the lease of the trademark to Mr. Jacobson, as well as Mr. Jacobson's use of the trademark, under a slightly altered name, Project Gestalt, Inc., the Defendants have used in

commerce and continue to use in commerce "The Project Gestalt" trademark without the knowledge or permission of Plaintiff.

43.     In connection with Ms. Bender's transfer of the ownership of trademark registration and the lease of the trademark to Mr. Jacobson, as well as Mr. Jacobson's use of the trademark through his company, Project Gestalt, Inc., Defendants have affixed, applied and used false designations of origin and false and misleading descriptions and representations, including "The Project Gestalt" trademark, which tend falsely to describe the origin, sponsorship, association, or approval by Plaintiff of the project management tool that is "The Project Gestalt."

44.     Defendants have willfully used "The Project Gestalt" trademark with full knowledge of the falsity of such designations of origin, descriptions, and representations, all to the detriment of Plaintiff.

45.     Defendants' unauthorized use in commerce of "The Project Gestalt" trademark in connection with the transfer of the ownership of trademark registration to Ms. Bender, the lease of the trademark to Mr. Jacobson and Mr. Jacobson's use of the project management tool in his company, Project Gestalt, Inc. constitutes false descriptions and representations tending falsely to describe or represent Defendants as being authorized, sponsored, affiliated, or associated with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Defendants have used "The Project Gestalt" trademark with the express intent to improperly appropriate to itself the valuable trademark rights of Plaintiff.

47.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged and will continue to be damaged by Defendants' unauthorized use of the trademark.

48.     By reason of the foregoing, Defendants are liable to Plaintiff for an amount representing Plaintiff's damage or Defendants' profits, as well as reasonable attorney's fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Plaintiffs, Roberta Pughe and CP Consulting Group, Inc. respectfully demand judgment in their favor, and against Defendants, Rhonda Bender, Neil Jacobson and Project Gestalt in an amount exceeding $75,000, and such other relief as this Court deems necessary and appropriate.

**COUNT II**

**CONVERSION**

49.     Plaintiff hereby incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

50.     Plaintiff is a rightful owner of "The Project Gestalt" trademark, as it applies to behavioral consulting services for companies.

51.     Defendants have willfully interfered with and converted, without lawful justification, Plaintiff's ownership of the trademark through Ms. Bender's unilateral dissolution of CPC and her transfer of the ownership of trademark registration to herself when she did not have the legal authority to do so, Mr. Jacobson's designation of himself as the founder of the project management tool underlying the trademark, and his use of the trademark through his company.

52.     Plaintiff was the key developer and creator of The Project Gestalt.  Additionally, Plaintiff was a shareholder, along with Ms. Bender, of CPC, the registrant of the trademark. Defendants engaged in the foregoing unlawful actions without Plaintiff's knowledge or approval.

53.     Ms. Bender's transfer of the ownership of trademark registration and lease of the trademark to Mr. Jacobson has deprived Plaintiff of the possession and use of that trademark.

54.     Mr. Jacobson's use of the trademark and the underlying project management tool through his company, Project Gestalt, Inc. has deprived Plaintiff of the possession and use of that trademark.

55.     Defendants' interference has caused both professional and financial damages to Plaintiff.

**WHEREFORE**, Plaintiffs, Roberta Pughe and CP Consulting Group, Inc. respectfully demand judgment in their favor, and against Defendants, Rhonda Bender, Neil Jacobson and Project Gestalt in an amount exceeding $75,000, and such other relief as this Court deems necessary and appropriate.

## COUNT III

## UNJUST ENRICHMENT

56.     Plaintiff hereby incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

57.     Subsequent to the conversations that took place between Ms. Bender and Plaintiff in 2004 regarding Ms. Bender's decision to withdraw her involvement in CPC and pursue an alternate career, Ms. Bender continued to use, benefit and profit from The Project Gestalt.

58.     On June 24, 2009, Ms. Bender filed a "Certificate of Dissolution, Without a Meeting of Shareholders" in an effort to dissolve CPC.  Despite Plaintiff's position as a shareholder of CPC, Ms. Bender listed herself as occupying all of the directorial positions of CPC on the Certificate.  She did not provide notice to Plaintiff or seek Plaintiff's approval for the dissolution of CPC.

59.     In the same year, Ms. Bender transferred the ownership of the trademark registration to herself.

60.     Thereafter, Mr. Jacobson, an acquaintance of Ms. Bender, listed himself as the Founder and President of Project Gestalt, Inc. on his professional website.  Additionally, he filed a Certificate of Incorporation for Project Gestalt, Inc.  Project Gestalt, Inc. focused on the use of the same project management tool employed by CPC, The Project Gestalt.  Ms. Bender leased The Project Gestalt, under a slightly altered named, to Mr. Jacobson knowing that she did not have the authority to do so.

61.     Despite knowing that Plaintiff was the key developer and creator of The Project Gestalt and a shareholder of CPC, Ms. Bender dissolved CPC based upon false information, transferred the ownership of the trademark registration to herself and entered into a business relationship for the use and benefit of The Project Gestalt to the exclusion of the Plaintiff.

62.     Ms. Bender was aware and had knowledge of the unjust benefit she was receiving, and has been a beneficiary of the financial and professional gains that have resulted from her actions both personally and on behalf of her employer, PeopleSoft.  Further, Mr. Jacobson has been enjoying the benefits of the project management tool that was developed by Plaintiff, both personally and on behalf of the entity with which is employed, Oracle Corporation.

63.     Defendants' continued use of the trademark and the retention of any benefits related to such use are inequitable and such benefits must be returned to Plaintiff.

## COUNT IV

## ACCOUNTING

64.     Plaintiff hereby incorporates by reference and realigns each of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

65.     All listed Defendants have received monies, which are due Plaintiff.

66.     The amount of money due to Plaintiff is unknown to Plaintiff, and cannot be ascertained without an accounting of Defendants' financial information related to the subject property.

**WHEREFORE**, Plaintiffs, Roberta Pughe and CP Consulting Group, Inc. respectfully request an Order compelling Defendants, Rhonda Bender, Neil Jacobson and Project Gestalt to provide an accounting, and such other relief is as this Court deems necessary and appropriate.

## COUNT V

## BREACH OF CONTRACT

67.     Plaintiff hereby incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

68.     Plaintiff and Defendant Bender had an agreement with respect to the use of The Project Gestalt property. That agreement included the understanding, of course, that no individual would unilaterally act on behalf of CPC by entering into any economic or other arrangement with third parties.  Defendant Bender breached that agreement when she dissolved CPC and entered into her own agreement with Jacobson.

69.     Bender affirmatively disregarded that agreement, circumvented that agreement, and thereafter used the intellectual property that was the subject of that agreement, The Project Gestalt, for her own monetary gain, all in breach of her agreement.

**WHEREFORE**, Plaintiffs, Roberta Pughe and CP Consulting Group, Inc. respectfully demand judgment in their favor, and against Defendants, Rhonda Bender, Neil Jacobson and Project Gestalt in an amount exceeding $75,000, and such other relief as this Court deems necessary and appropriate.

## COUNT VI

### BREACH OF CONTRACT –
### IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

70.     Plaintiff hereby incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein and further alleges as follows:

71.     Plaintiff and Defendant Bender had an agreement with respect to the use of The Project Gestalt property.  That agreement included entering into any arrangement with third parties.  Defendant Bender breached that agreement when she dissolved CPC and entered into her own agreement with Jacobson.

72.     Bender affirmatively disregarded that agreement, circumvented that agreement, and thereafter used the intellectual property that was the subject of that agreement, The Project Gestalt, for her own monetary gain, all in breach of her agreement.

73.     Defendants conduct and specifically, the intentional nature of their conduct, circumventing their agreement, deliberately disguising The Project Gestalt in the domain registration statement, as well as the deception practiced upon the public at large, violates the implied contract of good faith and fair dealing.

**WHEREFORE**, Plaintiffs, Roberta Pughe and CP Consulting Group, Inc. respectfully demand judgment in their favor, and against Defendants, Rhonda Bender, Neil Jacobson and

Project Gestalt in an amount exceeding $75,000, and such other relief as this Court deems necessary and appropriate.

Dated: 1/26/16

Respectfully submitted,

HANAMIRIAN LAW FIRM, P.C.

_____

John M. Hanamirian, Esquire
40 East Main Street
Moorestown, New Jersey 08057
Telephone: (856) 793-9092
Facsimile: (856) 793-9121
E-mail: JMH@hanamirian.com
*Attorney for Plaintiffs*

## VERIFICATION

Roberta Pughe, President of CP Consulting Group, Inc., hereby states that she is authorized, on behalf of CP Consulting Group, Inc., a Plaintiff in this action, to verify and does verify on behalf of the Plaintiff, that the statements contained in the foregoing Verified Civil Action Complaint, are true and correct to the best of her knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to Federal Rules of Civil Procedure, relating to unsworn falsification to authorities.

Dated: December 3 2015

Roberta Pughe

## VERIFICATION

I, Roberta Pughe, hereby verify that the facts set forth in this Verified Civil Action Complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of Federal Rules of Civil Procedure, relating to unsworn falsification to authorities.

Dated: _December 3 2015_

Roberta Pughe